## LIABILITY FOR DAMAGES FOR CAUSING A HORSE TO RUN AWAY.

Circuit Court of Hamilton County.

CINCINNATI TRACTION CO. v. KUNIE FRANK.

Decided, April 15, 1911.

*Negligence—Horse Frightened by Snow Sweeper Operated by Traction Company—Question of Negligence of the Company Should be Determined by the Jury.*

Whether a traction company is liable for damages resulting from the frightening of a horse by the unexpected starting in the street of a snow sweeper, which made a loud and unusual noise and filled the air with snow in the direction in which it was operating, is a question to be determined by the jury under all the circumstances of the case.

*Kittredge, Wilby & Stimson,* for plaintiff in error.
*Thos. L. Michie* and *C. L. Swain,* contra.

There was a recovery below by the defendant in error in this case of $2,500, which was reduced to $2,000 in the court below.

JONES, J.; SMITH, P. J., and SWING, J., concur.

The evidence in this case shows that defendant in error was, at the time of the accident, driving south on Reading road in Cincinnati in a market wagon. It was snowing and a sweeper propelled by electricity and equipped with large, cylindrical, revolving rattan brushes was being operated by defendant company in removing snow from its tracks located on said street. As plaintiff approached, the motorman, on her account, stopped the sweeper and called for her to come on. Whether she signalled for him to stop or he stopped of his own volition is immaterial. It is evident that from some act of hers or the horse which she was driving, he saw fit to stop out of consideration for her safety. The sweepers of this type are only used in time of snow, make a loud, unusual noise, scatter the snow through the air and are likely to frighten horses.

Two eye-witnesses testify that after waiting until Mrs. Frank drove 150 or 200 feet, and when her horse was just opposite the sweeper, it was started causing the horse to run away. She was thrown out of the wagon and injured.

The question of negligence was one of fact and was submitted to the jury, whose verdict was for defendant in error.

We can not say that the verdict was not sustained by the evidence.

Judgment affirmed.